Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br>ASH INTERNATIONAL GROUP LIMITED, a Foreign Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:12−CV−09848 RGK (MANx)<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br>**Scheduling Conference:**<br><br>Date:         Monday, June 24, 2013<br>Time:         9:00 a.m.<br>Courtroom: 850-Roybal<br><br>**Hon. R. Gary Klausner** |

Counsel for the parties hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting. The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case. The parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

**A.    SUBJECT MATTER JURISDICTION**

Plaintiff files this action against Defendant for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

B.  **STATEMENT OF THE CASE**

   *1. Plaintiff's Statement of the Case*

Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products identified at least by its UGG® brand of premium footwear. Many of Deckers' UGG® footwear designs are protected by design patents issued by the United States Patent and Trademark Office. Amongst the many UGG design patents owned by Deckers is one for a footwear outsole (shown below) which was registered on June 23, 2009 under U.S. Reg. No. US D594,638 ("UGG Footwear Outsole Design").

Plaintiff recently discovered that Defendant has been displaying, advertising, offering for sale, and/or selling footwear bearing designs that infringe upon the UGG Footwear Outsole Design ("Infringing Products").


**Ugg Design Patent No. D594,638**


**Outsole of Defendant's Boot**

Deckers has not granted a license or any other form of permission to Defendant with respect to any of its design patents.

   *2. Defendant's Statement of the Case*

Defendant Ash International ("Ash") is a luxury brand well-known internationally for its high quality footwear, which it has sold for over a decade. Ash seeks a judgment declaring: (1) Ash does not infringe Plaintiff's '638 design patent; (2) the '638 design patent is invalid; (3) Ash has not engaged in unfair competition;

and (4) Plaintiff's California unfair competition claim is preempted by federal patent law. Defendant further seeks attorneys' fees and other relief.

**C.    AMENDMENT OF PLEADINGS/ADDITIONAL PARTIES**

Plaintiff may amend the complaint to add additional parties who are discovered to be part of the chain of distribution of the Disputed Products. The parties suggest the deadline for amending the pleadings as specified in the Proposed Schedule in Section J below.

**D.    DISCOVERY**

**1.    Disclosures**

The parties propose that no changes should be made to the form or requirement for disclosures under Rule 26(a). The parties will make their Initial Disclosures no later than **July 13, 2013**.

**2.    Discovery**

Plaintiff and Defendant propose that discovery should be completed by **December 20, 2013**, that discovery will not be conducted in phases, and that discovery should not be limited to or focused on any particular issues.

To the extent documents or information sought from any Party is confidential, proprietary, a trade secret or contains private personal information of third persons or entities that may be subject to legal protections, the Parties will (a) further discuss production of such documents or information, and (b) enter into a suitable stipulated Protective Order for such documents or information that are produced. Some of the documents sought by the Parties appear to implicate such concerns, and discussions will continue among counsel to reach a cooperative solution to any such concerns.

**3.    Issues Regarding Electronically-Stored Information**

The parties anticipate there will be electronically stored information ("ESI") relevant to the claims and/or defenses of the parties. Such ESI may include email and digitally-stored documents, including sales data, business records and patent prosecution documents. Defendant proposes the following parameters shall apply to

documents produced in this litigation:

    *a)* **Metadata.** Defendant proposes that, absent a showing of good cause, ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with mandatory disclosure requirements of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

    *b)* **General Document Image Format.** All responsive documents should be produced in native or PDF format.

    *c)* **Text Searchable Documents.** Defendant proposes that no party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation then such documents shall be produced in the same text-searchable format upon request at no cost to the receiving party.

    *d)* **Footer.** Defendant proposes that all documents produced shall be marked such that each page has a footer with a sequentially-ascending production number and, if necessary, an appropriate confidentiality designation as specified in the parties' protective order to be entered by this Court.

    *e)* **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any media for backup data maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    *f)* **Voice-mail and Mobile Devices.** Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

Plaintiff reserves the right to object to any of the above proposals of Defendant regarding electronic discovery. The parties will meet and confer regarding any issues that may arise during discovery

### 4. Claims of Privilege or Protection

The parties believe entry of a protective order is appropriate in this action and will work together to draft a suitable order that the parties can submit for the Court's approval. The parties further agree that, should there be a claim of attorney-client or attorney work-product privilege, which requires the preparation of a privilege log, any communication between the parties and their counsel of record, either before or after litigation commenced, may be excluded from such privilege log.

### 5. Limitations on Discovery

Pursuant to F.R.C.P. Rule 26(f)(3), the parties do not currently propose changes to the limitations on discovery proposed under the Federal Rules of Civil Procedure or this Court's Local Rules. The parties further propose that no other limitations on discovery should be imposed.

### 6. Expert Discovery

The parties agree that expert discovery and disclosures shall be governed by Rule 26(a)(2) and as set forth in the proposed schedule.

### E. SUMMARY JUDGMENT MOTIONS

The parties may make motions for summary judgment/adjudication if the facts warrant such a motion. The parties propose a motion cut-off date as outlined in their Proposed Schedule in Section J below.

Plaintiff believes that the following issues may be resolved on summary judgment/adjudication: Defendant's liability for patent infringement.

Defendant anticipates filing a dispositive, or partially dispositive motion for summary judgment of invalidity and non-infringement.

### F. PRE-TRIAL CONFERENCE AND TRIAL

A jury trial has been requested. The estimated length for trial is 3 – 4 court days. The parties propose the following dates for trial and the pretrial conference:

Proposed Pre-Trial Conference Date: **March 17, 2014**

Proposed Trial Date: **April 1, 2014**

G. **SETTLEMENT**

The parties have been engaged in settlement discussions in an effort to resolve this litigation, but have reached no resolution as of this date. The parties suggest that, if settlement cannot be reached, the parties engage in mediation before a neutral selected from the Court's Mediation Panel pursuant to Local Rule 16-15.4, Settlement Procedure No. 2. The parties' proposed settlement completion deadline is outlined in the Proposed Schedule in Section J.

H. **SEVERANCE OR BIFURCATION**

The parties do not believe severance, bifurcation, or changes to the order of proof are necessary.

I. **MAGISTRATE JUDGE**

The parties do not wish to have a Magistrate Judge preside.

J. **PROPOSED SCHEDULE**

The parties propose the following schedule in this action:

| Matter | Plaintiff's Request | Defendant's Request |
|---|---|---|
| Trial Date (Jury) Estimated Length: 3-4 Days | AGREED- 4/01/14 | AGREED- 04/01/14 |
| Final Pretrial Conference | AGREED- 03/17/14 | AGREED- 03/17/14 |
| Last Day to Conduct Settlement Conference | AGREED- 01/31/14 | AGREED- 01/31/14 |
| Last Day for Hearing Motions | AGREED- 02/10/2014 | AGREED- 02/10/2014 |
| Fact Discovery Cut-off | AGREED- 12/20/13 | AGREED- 12/20/13 |
| Rebuttal Expert Witness Reports | AGREED - 01/29/2014 | AGREED - 01/29/2014 |

| Matter | Plaintiff's Request | Defendant's Request |
|---|---|---|
| Initial Expert Witness Reports (for issues on which a party bears the burden of proof at trial) | AGREED - 12/30/2013 | AGREED - 12/30/2013 |
| Last Day to Amend Pleadings or Add Parties | AGREED - 08/13/2013 | AGREED - 08/13/2013 |
| Initial Disclosures | AGREED- 07/13/13 | AGREED – 07/13/13 |

DATED:   June 21, 2013          BLAKELY LAW GROUP


                                By:   */s/ Cindy Chan*_____
                                      Brent H. Blakely_____
                                      Cindy Chan
                                      ***Attorneys for Plaintiff***
                                      ***Deckers Outdoor Corporation***

DATED:   June 21, 2013          FOX ROTHSCHILD LLP


                                By:   */s/ Lena Bacani*_____
                                      Lena N. Bacani
                                      ***Attorneys for Defendants***
                                      ***Ash International Group Limited***