

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>ASH INTERNATIONAL GROUP LIMITED, a Foreign Corporation; and DOES 1-10, inclusive,<br><br>           Defendants. | ) CASE NO. CV 12-09848 RGK (MANx)<br>)<br>)<br>) **PROTECTIVE ORDER ENTERED**<br>) **PURSUANT TO THE PARTIES'**<br>) **STIPULATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order filed on August 27, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 8(d), 26, and 27 of the [Proposed] Stipulated Protective Order.

        The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Outside Attorney Eyes Only, or other

designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Outside Attorney Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Outside Attorney Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

### DEFINITIONS

1.      As used in this Protective Order,

a.      "Designating Party" means any Person who designates Material as Confidential Material.

b.      "Discovering Counsel" means counsel of record for a Discovering Party.

c.      "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d.      "Confidential Material" refers to those materials designated as "CONFIDENTIAL" or "OUTSIDE ATTORNEY EYES ONLY" as defined in Paragraph 2 below, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations, or presentations that might reveal Confidential Material.

e.      "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

f.      "Party" means the Parties to this action, their attorneys of record and their officers, directors, employees, in-house attorneys, consultants, support staff, and agents.

1    g.    "Person" means any individual, corporation, partnership,

2    unincorporated association, governmental agency, or other business or governmental

3    entity whether a Party or not.

4    h.    "Producing Party" means any Person who Provides Material during

5    the course of this action.

6    i.    "Provide" means to produce any Material, whether voluntarily or

7    involuntarily, whether pursuant to request or process.

8                              **CONFIDENTIAL DESIGNATIONS**

9    2.    Exercise of Restraint and Care in Designating Material for Protection.

10   Each Party or non-party that designates information or items for protection under this

11   **Protective** Order must take care to limit any such designation to specific material that

12   qualifies under the appropriate standards.

13   a.    Confidential.  A Producing Party may designate as

14   "CONFIDENTIAL" any material that the Producing Party considers in good faith to

15   contain or disclose commercially sensitive and/or proprietary information not

16   otherwise known or available to the public or information that the Party is under a duty

17   to preserve as confidential under an agreement with or other obligation to another

18   Person.

19   b.    Outside Attorney Eyes Only.  The Producing Party may designate

20   as "OUTSIDE ATTORNEY EYES ONLY" documents Parties contend contain or

21   disclose materials which they in good faith believe to be of an extremely high degree

22   of current commercial sensitivity and/or would provide a competitive advantage to its

23   competitors if disclosed.

24   c.    The Producing Party may not use "CONFIDENTIAL" and/or

25   "OUTSIDE ATTORNEY EYES ONLY" designations to conceal the identity of

26   potential parties to the litigation, such as manufacturers, distributors, importers,

27   retailers, and others in the supply chain of  the alleged infringing goods.

28

3.      A Producing Party shall stamp as CONFIDENTIAL or OUTSIDE ATTORNEY EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this **Protective** Order.  A Producing Party may designate Confidential Material for Protection under this **Protective O**rder by either of the following methods:

a.      By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

or

OUTSIDE ATTORNEY EYES ONLY SUBJECT TO PROTECTIVE ORDER

b.      By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided.  For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material.  Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph.  Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party.  For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

1      All costs associated with the designations of materials as "Confidential" or

2  "OUTSIDE ATTORNEY EYES ONLY," involving, for example, the cost of binding

3  confidential portions of deposition transcripts, shall be initially borne by the Party

4  making the designation with no prejudice regarding the Designating Party's ability to

5  recover its costs upon completion of the litigation.

6      The designation of documents as "Confidential" or "OUTSIDE ATTORNEY

7  EYES ONLY" does not entitle the parties to have those documents filed under seal.

8  An application, including a stipulated application to file documents under seal, must

9  comply with Local Rule 79-5.

10  <u>**RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**</u>

11      4.    Confidential Material designated as CONFIDENTIAL shall not be

12  disclosed, nor shall its contents be disclosed, to any person other than those described

13  in Paragraph 7 of this Protective Order and other than in accordance with the terms,

14  conditions, and restrictions of this Protective Order.  Confidential Material designated

15  as OUTSIDE ATTORNEY EYES ONLY shall not be disclosed nor shall its contents

16  be disclosed to any person other than those described in Paragraph 8 of this Protective

17  Order.

18      5.    Confidential Material Provided by a Producing Party to a Discovering

19  Party shall not be used by the Discovering Party or anyone other than the Producing

20  Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate,

21  for any purpose, including, without limitation, any personal, business, governmental,

22  commercial, publicity, public-relations, or litigation (administrative or judicial)

23  purpose, other than the prosecution or defense of this action.

24      6.    All Confidential Material shall be kept secure by Discovering Counsel

25  and access to Confidential Material shall be limited to persons authorized pursuant to

26  Paragraphs 7 or 8 of this Protective Order.

27      7.    For purposes of the preparation of this action, and subject to the terms,

28  conditions, and restrictions of this Protective Order, Discovering Counsel may disclose

Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

        a.     Counsel of record working on this action on behalf of any **P**arty and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

        b.     In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

        c.     Court and deposition reporters and their staff.

        d.     The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

        e.     Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13.

        f.     Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical, and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 11-13.

        g.     Officers, directors, and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

        h.     Professional Vendors that provide litigation support services and their employees and subcontractors (*e.g.* photocopying, videotaping, translating, professional jury consulting, preparing exhibits or demonstrations, storing data in any form or medium, etc.);

        i.     Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

        j.     Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL but is not identified

on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

        k.      Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

    The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

    8.      For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential financial Material designated as OUTSIDE ATTORNEY EYES ONLY, and the contents of Material so designated, only to the following persons:

        a.      Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff.

        b.      Court and deposition reporters and their staff.

        c.      The Court and any person employed by the Court whose duties require access to Material designated as OUTSIDE ATTORNEY EYES ONLY.

        d.      Witnesses at depositions, in accordance with procedures set forth in paragraphs 11-13.

        e.      Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical, and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 11-13.

        f.      Any Person identified on the face of any such Material designated as OUTSIDE ATTORNEY EYES ONLY as an author or recipient thereof; and

        g.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as OUTSIDE ATTORNEY EYES ONLY but is not identified on the face thereof, provided there is prior testimony of actual

1   authorship or receipt of the Material designated as OUTSIDE ATTORNEY EYES

2   ONLY by such Person; and

3            h.      Any Person who the Parties agree in writing may receive Material

4   designated as OUTSIDE ATTORNEY EYES ONLY.

5            i.      For the avoidance of doubt, materials designated OUTSIDE

6   ATTORNEY EYES ONLY may not be disclosed to anyone in subparagraphs 7(b) (In-

7   House Counsel or their employees), (g) (officers, directors, or other employees of a

8   Party), or (h) (Professional Vendors).

9                   **UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

10       9.      Before Discovering Counsel may disclose Confidential Material to any

11   Person described in subparagraphs 7(f), 7(g), or 8(e) above, the Person to whom

12   disclosure is to be made shall:  receive a copy of this Protective Order; read Paragraphs

13   1 and 4-10 (including the subparagraphs where applicable) of the Protective Order;

14   evidence his or her agreement to be bound by the terms, conditions, and restrictions of

15   the Protective Order by signing an undertaking in the form attached hereto as **Exhibit**

16   **A** (the "Undertaking"); and retain the copy of this Protective Order, with a copy of his

17   or her signed Undertaking attached. Discovering Counsel shall keep a copy of the

18   signed Undertaking for each person described in subparagraphs 7(f), 7(g), or 8(e) to

19   whom Discovering Counsel discloses Confidential Material.

20       10.    The individuals designated in subparagraph 8(f) – (h) above, are

21   specifically prohibited from publishing, releasing, or otherwise disclosing Material

22   designated as OUTSIDE ATTORNEY EYES ONLY, or the contents thereof, to any

23   directors, officers, or employees of the company for which the individual is employed,

24   or to any other persons not authorized under this Protective Order to receive such

25   information.  The designated individuals in subparagraph 8(f) – (h) shall retain all

26   OUTSIDE ATTORNEY EYES ONLY material in a secure manner under separate and

27   confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized

28   persons.

## DEPOSITIONS

11.     Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.  During those portions of depositions in which Material designated  OUTSIDE ATTORNEY EYES ONLY is used or inquired into, only those persons authorized under Paragraph 8 to view such Materials may be present.

12.     Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material.  Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material.  Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits.  Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material.  If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.  For purposes of this Paragraph 12, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

13.     When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or

exhibits in separate files marked to designate the confidentiality of their contents.  The reporter shall not file or lodge with the Court any Confidential Material without obtaining prior written consent from the Party who designated the Material as Confidential Material.  For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14.     If any Party or non-party seeks to file or lodge with the Court any Confidential Material, such materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5.1.  No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s).  If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure.  If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal.  If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

## OBJECTIONS TO DESIGNATION

15.     Timing of Challenge.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16.     Meet and Confer Requirement.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and, if no change in designation is offered, to explain the basis for the chosen designation.  The parties must meet and confer within ten (10) days of the challenging **P**arty's providing notice of its challenge to Designating Party.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

17.    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rules 37-1 and 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## **RETURN OF MATERIAL**

18.    Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials **P**rovided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work

12

product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown.  The obligation of this Protective Order shall survive the termination of this action.  To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order.  Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## SCOPE OF THIS ORDER

19.     Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this **Protective O**rder is strictly a pretrial order; it does not govern the trial in this action.

20.     Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

21.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person**:**  (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

1    22.    Designation of Material as Confidential Material on the face of such

2  Material shall have no effect on the authenticity or admissibility of such Material at

3  trial.

4    23.    This Protective Order shall not preclude any Person from waiving the

5  applicability of this Protective Order with respect to any Confidential Material

6  Provided by that Person or using any Confidential Material Provided by that Person or

7  using any Confidential Material owned by that Person in any manner that Person

8  deems appropriate.

9    24.    This Protective Order shall not affect any contractual, statutory, or other

10  legal obligation or the rights of any Party or Person with respect to Confidential

11  Material designated by that Party.

12    25.    Even after termination of this litigation, the confidentiality obligations

13  imposed by this **Protective** Order shall remain in effect until a Producing Party agrees

14  otherwise in writing or a court order otherwise directs.  However, the restrictions set

15  out in the Protective Order shall not apply to any Material which:

16        a.    At the time it is Provided is available to the public;

17        b.    After it is Provided, becomes available to the public through no act,

18  or failure to act, of the Discovering Party; or

19        c.    The Discovering Party can show

20            i.    Was already known to the Discovering Party independently

21  of receipt of the Confidential Material in this or prior litigation; or

22            ii.    Was received by the Discovering Party, after the time it was

23  designated as Confidential Material hereunder, from a third party having the right to

24  make such disclosure.

25    26.    If at any time any Material protected by this Protective Order is

26  subpoenaed from the Discovering Party by any Court, administrative or legislative

27  body, or is requested by any other Person or entity purporting to have authority to

28  require the production of such material, the Party to whom the subpoena or other

request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order. **Nothing in this Protective Order should be construed as authorizing a Party in this action to disobey a lawful directive from another court.**

## MODIFICATION OF PROTECTIVE ORDER

27.     The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.


**IT IS SO ORDERED.**


Date:  October 11, 2013          ____ *Margaret A. Nagle* ____
                                 MARGARET A. NAGLE
                                 UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER**

**REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Deckers Outdoor Corporation v. Ash International Group Limited*, No. CV 12-09848 RGK (MANx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2013

City and State where sworn and signed: _____

Signed: _____     _____
        [Print Name]                [Signature]